UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PAUL A. PETRONI,

       Petitioner,

v.                                         Case No. 3:14-cv-1139-J-34JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

       Respondents.
_____

## ORDER

Petitioner Paul Petroni initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1; Petition). Respondents filed a response (Doc. 10; Response) with attached exhibits (Resp. Att. ___), and Petroni filed a reply. (Doc. 12; Reply). For the reasons set forth below, the Petition is due to be denied.

## I.    Procedural History

On June 16, 2010, the state of Florida charged Petroni with trafficking in cocaine. (Resp. Att. 1 at 55). Petroni, who was represented by able trial counsel, subsequently filed three motions to suppress the evidence gathered during a search of his home. (Resp. Att. 2 at 17, 2 at 34, 3 at 34).[1] In the first motion, Petroni argued that the affidavit supporting the warrant failed to establish probable cause. (Resp. Att. 2 at 18). In his second motion – which was based on Franks v. Delaware, 438 U.S. 154 (1978) (the

---

[1] Petitioner also filed a motion to suppress certain statements that he made to law enforcement. (Resp. Att. 2 at 14).

<u>Franks</u> Motion), and which is the focal point of this habeas action – he argued that law enforcement misstated certain facts in the affidavit supporting the warrant, omitted other facts, and that a properly prepared affidavit would not establish probable cause. (Resp. Att. 2 at 35).[2]  In the third motion, Petroni argued that law enforcement failed to comply with "knock and announce" procedures prior to entering the home. (Resp. Att. 3 at 34).

The decision-making process with respect to the <u>Franks</u> Motion features prominently in the parties' filings, and therefore requires some explanation. The trial court held a hearing on the various motions, (Resp. Att. 4 at 26), and received evidence related to the motion to suppress statements (Resp. Att. 4 at 43, 47-48) and the third motion which was based on the alleged knock and announce violation. (Resp. Att. 4 at 36-37, 42). Petroni's counsel then inquired about how the trial court wished to proceed with regard to the <u>Franks</u> Motion. (Resp. Att. 4 at 43). Counsel explained that a prior judge denied an evidentiary hearing on the motion because it failed to make a preliminary showing of misconduct. (Resp. Att. 4 at 43-44). The trial judge responded that he would adhere to the earlier decision denying a hearing (Resp. Att. 4 at 44-45), and then expressed his belief that the <u>Franks</u> Motion was no longer at issue because a hearing

---

[2]  In the <u>Franks</u> Motion, Petroni identified various misstatements and omissions which can be summarized as follows:

> The affidavit intentionally or recklessly (a) **stated** that Petitioner told the informant he possessed a trafficking amount of cocaine; and (b) **omitted** that (i) the informant did not see, at the time of the controlled purchases, additional cocaine at Petitioner's home, (ii) the informant was not told, at the time of the controlled purchases, that additional cocaine was located at Petitioner's home, (iii) the amount of cocaine involved in the controlled purchases was relatively small, i.e., 3.7 grams each, (iv) the informant involved in the controlled purchases had not been used previously by law enforcement and had not been determined to be reliable, (v) law enforcement did not eavesdrop on the controlled purchases with audio or video devices, and (vi) the informant saw cocaine in Petitioner's possession on only one prior occasion and in the past.

(Resp. Att. 2 at 35-37). The motion did not contain any factual support for the allegation that the misstatements and omissions were made intentionally or recklessly.

had been denied. (Resp. Att. 4 at 45). The following colloquy ensued between Petroni's counsel and the trial judge:

> Mr. Sheppard: <u>You still have to make a ruling on the merits of the motion, on the face of the motion.</u> Typically, in a <u>Franks</u> motion you can bring forward what you're able to get into the record without a hearing. Based on that, you would request a further evidentiary hearing. <u>But I still contend that the Court must look at the face of the affidavit, my memorandum of law, and the matters that I've submitted, and determine whether there still is a merit to the Franks motion to suppress.</u>
>
> The Court: Okay. So, that's still viable.
>
> Mr. Sheppard: Yes, sir.

(Resp. Att. 4 at 45-46) (emphasis added). Petroni's counsel thus invited the trial court to rule on the <u>Franks</u> Motion notwithstanding the earlier decision denying an evidentiary hearing on the motion. (Resp. Att. 4 at 45-46). In the end, the trial court granted the <u>Franks</u> Motion, albeit without an evidentiary hearing. (Resp. Att. 4 at 6, 43-46).[3] In particular, the trial court found that the affidavit omitted certain facts, and concluded that "had all the facts been know [sic] to the issuing magistrate, probable cause for the warrant would not exist." (Resp. Att. 4 at 9).

The State appealed the ruling on the <u>Franks</u> Motion, (Resp. Att. 4 at 12), and the First District Court of Appeal (the "First DCA") reversed in a written opinion. <u>State v. Petroni</u>, 123 So. 3d 62 (Fla. 1st DCA 2013). The court began by recognizing the "limited scope" of <u>Franks</u>, explaining that it applies only when (a) the affiant deliberately or recklessly includes false information in, or omits material information from, the supporting affidavit, and (b) a properly drafted affidavit would not establish probable cause. <u>Id.</u> at

---

[3] Petroni withdrew the third motion to suppress, (Resp. Att. 4 at 4), and the trial court also granted in part, and denied in part, the motion to suppress statements. (Resp. Att. 4 at 9-10).

64. With respect to omissions, the court stated:

> As applied to omissions, defendants must show: (i) the omitted material, if added, would have eviscerated probable cause, and (ii) "intentional or reckless police conduct that amounts to deception."

Id.[4] The First DCA then explained:

> to meet the <u>Franks</u> test, police conduct must rise to the level of hoodwinking or bilking, duping the issuing judge or magistrate into signing the warrant; that is, an allegation <u>the affiant had information she knew should be included in the affidavit and failed to include it either intentionally or recklessly with the idea the omission would then sway the issuing judge or magistrate in her favor.</u>

Id. at 65 (emphasis added). Turning to the trial court's decision to grant the <u>Franks</u>

Motion, the First DCA observed:

> the trial court focused on the materiality prong and how, with [Petroni's] additions, there was a substantial possibility the issuing judge would not have found probable cause. <u>Essentially, whether the officers intended any misconduct to sway the issuing judge was ignored. [Petroni's] failure in this respect is fatal to his Franks claim.</u>

> Certainly, the affidavit could have included additional material. But that is not the <u>Franks</u> standard – nor should it be. <u>Franks</u> was meant to deal with a very specific situation: intentional or reckless police conduct amounting to deception. Were it otherwise, courts would face "endless rounds of <u>Franks</u> hearings."

> [Petroni] needed to show police cherry-picked specific information, while leaving out other pertinent, material information, <u>all the while intending that the issuing judge would thus be duped into signing the warrant she otherwise would not have signed.</u>

Id. at 65-66 (emphasis added) (internal citations omitted). Because Petroni failed to make

the required preliminary showing of deliberate or reckless conduct, the First DCA

---

[4] The First DCA separately observed that absent a preliminary showing of both, "the court should summarily deny a <u>Franks</u> motion." <u>Id.</u> at 64. This is so because, in the absence of such a showing, there is no reason to displace the presumption that supporting affidavits are valid. <u>See Franks</u>, 438 U.S. at 171; <u>United States v. Sarras</u>, 575 F. 3d 1191, 1218 (11th Cir. 2009).

reversed the suppression and remanded the matter to the state court for consideration of Petroni's first motion to suppress. Id. at 66.

Petroni sought rehearing on the matter as well as certification of two questions of great public importance. (Resp. Att. 5 at 58). The First DCA denied both requests. (Resp. Att. 5 at 69).

On remand, the trial court denied Petroni's first motion to suppress. (Resp. Att. 5 at 102). The trial court reasoned that the supporting affidavit established probable cause because "it [wa]s reasonable to infer that there was additional cocaine in the premises in light of representations made by the [Petroni] regarding the size of his source and that there was apparently cocaine on the premises during the two referenced purchases." (Resp. Att. 5 at 106). With that issue resolved, Petroni pleaded guilty, and the state court sentenced him to five years' incarceration. (Resp. Att. 5 at 108, 114).

## II. Limits of Habeas Relief, Exhaustion and Procedural Default

### A. Limits of Habeas Relief

Federal habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991) (citations omitted). As such, federal habeas "does not lie for errors of state law." Id. at 67 (quotations omitted). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Id. at 67-68. As such, federal courts may not review claims based exclusively on state law issues even if the claims are "couched in terms of equal protection and due process." Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quotation omitted).

## B. **Exhaustion**

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging a state conviction. See 28 U.S.C. § 2254(b), (c). To exhaust state remedies, the petitioner must "fairly present[ ]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Castille v. Peoples, 489 U.S. 346, 351 (1989) (emphasis omitted). As the United States Supreme Court has explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the """opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. Duncan, supra, at 365-366, 115 S. Ct. 887; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

To fairly present a claim, the petitioner must present it to the state courts as a federal, constitutional claim rather than as a matter of state law. See Duncan, 513 U.S. at 365-66; Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 456-59 (11th Cir. 2015). To do so, a petitioner can include "the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"

Baldwin, 541 U.S. at 32.  But raising a state law claim that "is merely similar to the federal

habeas claim is insufficient to satisfy the fairly presented requirement." Duncan, 513 U.S.

at 366.  Likewise, merely citing to the federal constitution is insufficient to exhaust a claim

in state court.  Anderson v. Harless, 459 U.S. 4, 7 (1982); see also McNair v. Campbell,

416 F.3d 1291, 1302 (11th Cir. 2005) ("'The exhaustion doctrine requires a habeas

applicant to do more than scatter some makeshift needles in the haystack of the state

court record.'") (quoting Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1343-44

(11th Cir. 2004)).  As explained by the Eleventh Circuit:

> To "fairly present" a claim, the petitioner is not required to cite
> "book and verse on the federal constitution." Picard v.
> Connor, 404 U.S. 270, 278, 92 S. Ct. 509, 30 L.Ed.2d 438
> (1971) (quotation omitted).  Nevertheless, a petitioner does
> not "fairly present" a claim to the state court "if that court must
> read beyond a petition or a brief (or a similar document) that
> does not alert it to the presence of a federal claim in order to
> find material, such as a lower court opinion in the case, that
> does so." Baldwin, 541 U.S. at 32, 124 S. Ct. 1347.  In other
> words, "to exhaust state remedies fully the petitioner must
> make the state court aware that the claims asserted present
> federal constitutional issues." Jimenez v. Fla. Dep't of Corr.,
> 481 F.3d 1337, 1342 (11th Cir. 2007) (quoting Snowden v.
> Singletary, 135 F.3d 732, 735 (11th Cir.1998)) (concluding
> that the petitioner's claims were raised where the petitioner
> had provided enough information about the claims (and
> citations to Supreme Court cases) to notify the state court that
> the challenges were being made on both state and federal
> grounds).

Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1352 (11th Cir. 2012).  "The crux of the

exhaustion requirement is simply that the petitioner must have put the state court on

notice that he intended to raise a federal claim." Preston, 785 F.3d at 457 (11th Cir.

2015); see also French v. Warden, Wilcox State Prison, 790 F.3d 1259, 1270-71 (11th

Cir. 2015), cert. denied, 136 S. Ct. 815 (2016).

## C.  Procedural Default and Exceptions

"[W]hen 'the petitioner fails to raise the [federal] claim in state court and it is clear from state law that any future attempts at exhaustion would be futile," a procedural default occurs.  Owen v. Sec'y, Dep't of Corr., 568 F.3d 894, 908 n.9 (11th Cir. 2009) (quotation omitted); see also Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001) ("The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine.").  In such circumstances, federal habeas review of the claim is typically precluded.  Pope v. Sec'y for Dep't of Corr., 680 F.3d 1271, 1284 (11th Cir. 2012); Smith, 256 F.3d at 1138.  Nevertheless, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of justice.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010).

To show cause for a procedural default, "the petitioner must demonstrate 'some objective factor external to the defense' that impeded his effort to raise the claim properly in state court."  Ward, 592 F.3d at 1157 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  "[T]o show prejudice, a petitioner must demonstrate that 'the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness.'"  Id. (quoting McCoy v. Newsome, 953 F.2d 1252, 1261 (11th Cir. 1992) (per curiam)).

In the absence of a showing of cause and prejudice, a petitioner may obtain consideration on the merits of a procedurally defaulted claim if he can establish that a failure to consider the claim will result in a fundamental miscarriage of justice.  Coleman, 501 U.S. at 724.  This exception has been described as "exceedingly narrow in scope as

it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence." <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001). "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." <u>Id.</u> (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995)), <u>cert. denied</u>, 535 U.S. 926 (2002)). Additionally, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998) (quoting <u>Schlup</u>, 513 U.S. at 324). With the rarity of such evidence, in most cases, allegations of actual innocence are ultimately summarily rejected. <u>Schlup</u>, 513 U.S. at 324.

### III.   <u>Standard of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. <u>See</u> 28.U.S.C. § 2254; <u>Ledford v. Warden, Ga. Diagnostic & Classification Prison</u>, 818 F.3d 600, 642 (11th Cir. 2016). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" <u>Id.</u> (quoting <u>Greene v. Fisher</u>, 565 U.S. 34, 38 (2011)). As such, federal habeas review of final state court decisions is "'greatly circumscribed' and 'highly deferential.'" <u>Id.</u> (quoting <u>Hill v. Humphrey</u>, 662 F.3d 1335, 1343 (11th Cir. 2011)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. <u>See</u> <u>Wilson v. Warden, Ga. Diagnostic Prison</u>, 834 F.3d 1227, 1235 (11th Cir. 2016) (en banc), <u>cert. granted</u>, <u>Wilson v. Sellers</u>, 137 S. Ct. 1203 (2017); <u>Marshall v. Sec'y, Fla. Dep't of Corr.</u>, 828 F.3d 1277, 1285 (11th Cir. 2016). Regardless of whether the last state court provided a reasoned opinion, "it

may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." <u>Harrington v. Richter</u>, 562 U.S. 86, 99 (2011); <u>see also</u> <u>Johnson v. Williams</u>, 568 U.S. 289, --, 133 S. Ct. 1088, 1096 (2013).[5]  Thus, the state court need not issue an opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits.  <u>See</u> <u>Richter</u>, 562 U.S. at 100; <u>Wright v. Sec'y for the Dep't of Corr.</u>, 278 F.3d 1245, 1255 (11th Cir. 2002).

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim, unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); <u>Richter</u>, 562 U.S. at 98.  The Eleventh Circuit has explained:

> First, § 2254(d)(1) provides for federal review for claims of state courts' erroneous legal conclusions.  As explained by the Supreme Court in <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000), § 2254(d)(1) consists of two distinct clauses: a "contrary to" clause and an "unreasonable application" clause.  The "contrary to" clause allows for relief only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  <u>Id.</u> at 413, 120 S. Ct. at 1523 (plurality opinion).  The "unreasonable application" clause allows for relief only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  <u>Id.</u>

---
[5]  The presumption is rebuttable and may be overcome "when there is reason to think some other explanation for the state court's decision is more likely."  <u>Richter</u>, 562 U.S. at 99-100; <u>see also</u> <u>Williams</u>, 568 U.S. at --, 133 S. Ct. at 1096-97.  However, "the <u>Richter</u> presumption is a strong one that may be rebutted only in unusual circumstances."  <u>Williams</u>, 133 S. Ct. at 1096.

> Second, § 2254(d)(2) provides for federal review for claims of state courts' erroneous factual determinations. Section 2254(d)(2) allows federal courts to grant relief only if the state court's denial of the petitioner's claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has not yet defined § 2254(d)(2)'s "precise relationship" to § 2254(e)(1), which imposes a burden on the petitioner to rebut the state court's factual findings "by clear and convincing evidence." See Burt v. Titlow, 571 U.S. ---, ---, 134 S. Ct. 10, 15, 187 L.Ed.2d 348 (2013); accord Brumfield v. Cain, 576 U.S. ---, ---, 135 S. Ct. 2269, 2282, 192 L.Ed.2d 356 (2015). Whatever that "precise relationship" may be, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"[6] Titlow, 571 U.S. at ---, 134 S. Ct. at 15 (quoting Wood v. Allen, 558 U.S. 290, 301, 130 S. Ct. 841, 849, 175 L.Ed.2d 738 (2010)).

Tharpe v. Warden, 834 F.3d 1323, 1337 (11th Cir. 2016); see also Daniel v. Comm'r, Ala. Dep't of Corr., 822 F.3d 1248, 1259 (11th Cir. 2016). Notably, the Supreme Court has instructed that "[i]n order for a state court's decision to be an unreasonable application of [that] Court's case law, the ruling must be 'objectively unreasonable, not merely wrong; even clear error will not suffice.'" Virginia v. LeBlanc, 137 S. Ct. 1726, 1728 (2017) (quoting Woods v. Donald, 575 U.S. ---, ---, 135 S.Ct. 1372, 1376 (2015) (per curiam) (internal quotation marks omitted)). Also, deferential review under § 2254(d) generally is limited to the record that was before the state court that adjudicated the claim on the merits. See Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (regarding § 2254(d)(1)); Landers v. Warden, Att'y Gen. of Ala., 776 F.3d 1288, 1295 (11th Cir. 2015) (regarding §

---

[6] The Eleventh Circuit has previously described the interaction between § 2254(d)(2) and § 2254(e)(1) as "somewhat murky." Clark v. Att'y Gen., Fla., 821 F.3d 1270, 1286 n.3 (11th Cir. 2016); see also Landers, 776 F.3d at 1294 n.4; Cave v. Sec'y, Dep't of Corr., 638 F.3d 739, 744-47 & n.4, 6 (11th Cir. 2011); Jones v. Walker, 540 F.3d at 1277, 1288 n.5.

2254(d)(2)).

"AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Titlow, 134 S. Ct. at 16 (2013). "Federal courts may grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" Tharpe, 834 F.3d at 1338 (quoting Richter, 562 U.S. at 102-03). "If this standard is difficult to meet, that is because it was meant to be." Richter, 562 U.S. at 102.

## IV.    Analysis

In the Petition, Petroni raises one ground for relief: the "evidence obtained as a result of the State's search warrant should have been suppressed under Franks v. Delaware." (Petition at 5). In the Response, citing Stone v. Powell, 428 U.S. 465 (1976), Respondent asserts that Petroni's claim is not cognizable in a federal habeas proceeding. (Response at 11-19). She further asserts that the claim is not properly exhausted and not procedurally defaulted. (Id. at 19-24). Finally, Respondent contends that applying AEDPA deference, the claim must be denied. (Id. at 24-28).

Before addressing the contentions of the parties, the Court observes that any claim of error Petroni may have had with respect to the denial of his Franks Motion would appear to have been waived. Following remand from the First DCA, Petroni entered a plea of guilty. (Resp. Att. 5 at 108). A "defendant's plea of guilty made knowingly and voluntarily, and with the benefit of competent counsel, waives all nonjurisdictional defects in that defendant's court proceedings." United States v. Yunis, 723 F.2d 795, 796 (11th

Cir. 1984); see also Franklin v. United States, 589 F.2d 192, 194-95 (5th Cir. 1979)[7];

Stewart v. Tucker, No. 3:09cv452/LAC/EMT, 2011 WL 5983944 at 12-13 (11th Cir. Nov.

16, 2011) (collecting Eleventh Circuit cases denying habeas relief following a guilty plea

based on waiver). Here, Petroni makes no claim that he received ineffective assistance

of counsel with respect to his guilty plea. Nor does he assert that his guilty plea was

involuntary or made unknowingly. As such, any challenge to the court's pre-plea denial

of the Franks Motion appears to have been waived. Nevertheless, because neither party

addresses waiver, in an abundance of caution, the Court will consider the arguments the

parties did raise.

### A. Procedural Bar of Stone v. Powell

In his Memorandum in Support of Petitioner Petroni's Petition for Habeas Corpus

(Doc. 2; Supporting Memorandum), Petroni contends that collateral review of the denial

of his motion to suppress evidence is not barred by the Supreme Court's decision in Stone

v. Powell, because Petroni was not provided an opportunity for full and fair litigation of his

Fourth Amendment claim in state court. (See Supporting Memorandum at 6).

Specifically, Petroni argues that "the trial court's mishandling of [his] Franks arguments

deprived him of both an opportunity for his Franks arguments to be considered by the trial

court and his right to appeal the denial of a Franks hearing[,]" and as such, that "the state

review of [his] Franks issue [does not meet the requirements] necessary to be considered

a full and fair hearing."[8] (Id.). Respondent disagrees, asserting that Stone's procedural

---

[7] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[8] Although Petroni repeatedly makes reference to his right to a "full and fair hearing" on his Franks Motion, (see Supporting Memorandum at 6-10), the Court observes that Stone instead characterizes this right as a right to "an opportunity for full and fair litigation" of a Fourth Amendment claim, see Stone 428 U.S. at 494. In other words, Petroni is not automatically entitled to a "hearing."

bar is implicated by virtue of the First DCA's consideration of the issue and its ruling that "the allegations of [Petroni's] Franks motion did not meet the standard required by Franks to obtain a hearing at all." (Response at 15).

In Stone, the Supreme Court considered "questions concerning the scope of federal habeas corpus" review as well as the role of the exclusionary rule, which prohibits the use of illegally obtained evidence in a criminal trial, "upon collateral review of cases involving Fourth Amendment claims." Stone v. Powell, 428 U.S. 465, 474 (1976). Ultimately, the Court held that

> [W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

Id. at 482. Applying this precedent, the former Fifth Circuit, in a decision binding on this Court, determined that the Stone bar would apply "[i]f a state provides the processes whereby a defendant can obtain full and fair litigation of a [F]ourth [A]mendment claim . . . . whether or not the defendant employs those processes." Lawhorn v. Allen, 519 F.3d 1272, 1287 (11th Cir. 2008) (quoting Caver v. State of Ala., 577 F.2d 1188, 1192 (5th Cir. 1978)). The court observed that, when the facts are in dispute, "[f]ull and fair consideration [in the context of the Fourth Amendment] requires consideration by the fact finding court, and at least the availability of meaningful appellate review by a higher state court." Id. at 1288 (quoting O'Berry v. Wainwright, 546 F.2d 1204, 1213 (5th Cir. 1977)). Alternatively, where the facts are undisputed, "the full and fair consideration requirement is satisfied where the state appellate court, presented with an undisputed factual record, gives full consideration to defendant's Fourth Amendment Claims." Id. Notably, the court

also held that the <u>Stone</u> bar "still applies despite a state court error in deciding the merits of a defendant's [F]ourth [A]mendment claim." <u>Williams v. Brown</u>, 609 F.2d 216, 220 (5th Cir. 1980) (citing <u>Swicegood v. State of Ala.</u>, 577 F.2d 1322, 1324-25 (5th Cir. 1978)).

In the Supporting Memorandum, Petroni argues that he was denied a full and fair opportunity to litigate his Fourth Amendment claim at the trial level "because the court failed to make essential findings of fact and failed to hear necessary evidence when considering his <u>Franks</u> arguments." (Supporting Memorandum at 8). In doing so, Petroni relies on <u>Tukes v. Dugger</u>, 911 F.2d 508, 514 (11th Cir. 1990), where the Eleventh Circuit stated "where the trial court fail[s] to make clear findings on essential [factual] issues," no opportunity for full and fair litigation has been provided. Petroni also cites to <u>Hearn v. Fla.</u>, 326 Fed. Appx. 519, 522 (11th Cir. 2009) (per curiam), for the proposition that "where a trial court ignores crucial pieces of evidence submitted by the defendant, it does not afford that defendant" a full and fair opportunity to litigate. (<u>See</u> Supporting Memorandum at 7). Petroni's reliance on these cases is misplaced for two reasons. First, in both cases, the state trial court determined that the defendant made the substantial showing necessary to be entitled to a <u>Franks</u> hearing. <u>See</u> <u>Tukes</u>, 911 F.2d at 514; <u>Hearn</u>, 326 Fed. Appx. at 520. As a result, the defendants in those cases were entitled to introduce additional evidence in support of their motions for the trial court's consideration. Here, conversely, the trial court initially determined that Petroni failed to make the necessary showing to be afforded an evidentiary hearing, and the First DCA expressly reached the same conclusion on appeal. <u>Petroni</u>, 123 So. 3d at 65 ("We reverse because <u>Franks</u> was not even implicated. As a determinative matter, Petroni did not show, allege, or argue the omissions or the false statement amounted to deceptive behavior on the part of the

police intended to sway the judge . . . without [a showing of this misconduct], the court is not even required to hold an evidentiary hearing."). Second, in both cases, the trial court's error was followed by a summary affirmance by the state appellate court, <u>see</u> <u>Tukes</u>, 911 F.2d at 514; <u>Hearn</u>, 326 Fed. Appx. at 522, whereas here the First DCA undertook a thorough and comprehensive analysis of the merits of Petroni's <u>Franks</u> Motion. <u>See generally</u> <u>Petroni</u>, 123 So. 3d at 64-66. Accordingly, neither <u>Tukes</u> nor <u>Hearns</u> is of assistance to Petroni's attempt to avoid the <u>Stone</u> bar.

Petroni further argues that he was deprived of a full and fair opportunity to litigate "because his arguments on appeal were hamstrung by the trial court's mishandling of his <u>Franks</u> argument[,]" which deprived him of meaningful appellate review. (<u>See</u> Supporting Memorandum at 9). In support of his argument, Petroni relies on <u>Agee v. White</u>, 809 F.2d 1487, 1490 (11th Cir. 1987), where the Eleventh Circuit held that a defendant did not receive full and fair consideration of his Fourth Amendment claim at trial and on direct review where the state appellate court failed to address one of his key contentions in its opinion. Specifically, Petroni contends that – because the state trial court conducted a "quasi-hearing" on his <u>Franks</u> motion – he was both unable to appeal the initial denial of his <u>Franks</u> hearing, and also unable to introduce all of the necessary evidence to fully argue his <u>Franks</u> motion. (<u>See</u> Supporting Memorandum at 10). Petroni does not contend that the First DCA ignored one of his arguments, but rather that the procedural posture of his case prevented him from making all of the arguments or introducing all of the evidence that he wanted.[9] <u>Agee</u> does not afford Petroni relief on this basis, nor does

---

[9] In Petitioner's Reply to Respondents' Answer to Petition for Habeas Corpus (Doc. 12; Reply), Petroni cites to <u>Holloway v. Woodard</u>, 655 F. Supp. 1245, 1250 (W.D.N.C. 1987), and argues that the <u>Stone</u> bar cannot apply where a criminal defendant has been "procedurall[y] ambushed." <u>See</u> Reply at 11-12. In <u>Holloway</u>, the district court considered whether "a minor and curable procedural error at trial . . . may be

any other precedent identified by the parties or the Court.

In the instant case, the First DCA reviewed whether Petroni was entitled to a Franks hearing and determined, based on the record evidence that he was not, thus Petroni had no right to present extrinsic evidence in support of his motion to suppress. See Petroni, 123 So. 3d at 65-66. As such, Petroni has failed to demonstrate that his arguments did not receive meaningful appellate review, and the Court determines that Petroni is unable to avoid the Stone bar.

The Court's conclusion here also is supported by the decisions in Miranda v. Cooper, 967 F.2d 392 (10th Cir. 1992) and Box v. Thurman, 53 F.3d 337, 1995 WL 247166 (9th Cir. Apr. 27, 1995). In both cases, criminal defendants argued that the Stone bar was wrongfully applied to their habeas petitions because they were not provided a hearing in state court as required by Franks. See Miranda, 967 F.2d at 400-01; Box, 53 F.3d at *1. Upon review, both federal appellate courts affirmed the denial of the defendants' habeas petitions because, as is the case here, neither defendant made the requisite preliminary showing of "deliberate falsity or reckless disregard" to be entitled to a Franks hearing. See Miranda, F.2d at 401; see also Box, 53 F.3d at *1. As a result, the courts determined that the defendants had been afforded a "full and fair opportunity"

---

taxed against a defendant by an appellate court to preclude a defendant from asserting a meritorious constitutional claim." Holloway, 655 F. Supp. at 1249. The "minor error" occurred because the defendant failed to file a supporting affidavit with his motion to suppress, and when the issue was discovered years later, the state argued that it amounted to a procedural default precluding federal habeas review. See id. at 1249-50. Recognizing the fundamental inequity of such reasoning and noting that it amounted to a "procedural ambush," the district court rejected the state's argument and ultimately granted the defendant's petition. Because the facts of the instant case are entirely different in that Respondents have not argued for the application of the Stone bar based on what amounts to a technical error, Holloway is distinguishable. Moreover, given Petroni's insistence that the trial court proceed precisely in the manner that it did, see supra at 2-3 (recounting counsel's insistence that the trial court must address the merits of the Franks Motion despite denial of a hearing), he can hardly contend that he was "ambushed." Last, the Court notes that Petroni has failed to identify any evidence that he would have presented had the court given him an evidentiary hearing.

to present their Fourth Amendment claims in state court.  See id.  Based on the foregoing, the Court is satisfied that the procedural bar to federal habeas review of Petroni's Fourth Amendment claim, as articulated in Stone, is appropriately implicated under the circumstances of this action.  Notably, the Eleventh Circuit has held that where federal habeas review is barred under the principles of Stone, it is error for a district court to consider a petitioner's Franks claim.   See Harris v. Dugger, 874 F.2d 756, 761 (11th Cir. 1989).

## B. AEDPA Deference

In light of the Court's conclusion regarding the Stone bar, the Court need not address Respondent's contentions regarding exhaustion.  Moreover, even if Petroni's claim was exhausted and properly before the Court on the merits, it is readily apparent that his request for relief would be denied pursuant to AEDPA.  The state court's resolution of Petroni's Franks Motion is neither contrary to, nor an unreasonable application of, clearly established Federal law.  Nor is it based on an unreasonable application of the facts in light of the evidence presented.  To the contrary, the state court faithfully applied the Federal Franks principles to the facts presented by Petroni when it concluded that Petroni was not entitled to a hearing or relief because his motion did not make the required preliminary showing of deliberate or reckless conduct.

In rejecting Petroni's Franks claim, the state court determined that Petroni failed to make the required showing of misconduct in the preparation of the supporting affidavit and that this deficiency was "fatal to [the] Franks claim." State v. Petroni, 123 So. 3d 62, 65 (Fla. 1st DCA 2013).  A defendant can challenge the propriety of the factual presentation in an affidavit supporting a search warrant so long as he can make a

"substantial preliminary showing" that (a) the affiant deliberately or recklessly included false information in, or omitted material information from, the affidavit, and (b) a properly drafted affidavit would not establish probable cause.  See Franks v. Maryland, 438 U.S. 154, 155-56 (1978); United States v. Arbolaez, 450 F. 3d 1283 (11th Cir. 2006) (per curiam).  The "substantial preliminary showing" requirement is not easily satisfied: "the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine.  There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." Franks, 438 U.S. at 171 (emphasis added).[10]

Petroni's motion contained eight conclusory allegations of "intentional or reckless" conduct (with the phrase "intentionally or recklessly" used as a rote qualifier for each alleged misstatement or omission).  (Resp. Att. 2 at 35-37).  However, Petroni did not provide any factual support for these allegations.  In addition, the transcript from the deposition of the detective who prepared the affidavit (which was attached to Petroni's motion) did not hint at any misconduct in connection with its preparation.  (Resp. Att. 2 at 51-70; Resp. Att. 3 at 1-15).  Petroni's motion focused entirely on the alleged misstatements and omissions.  (Resp. Att. 4 at 72-75).  The First DCA recognized this shortcoming, noting that the motion ignored "whether the officers intended any misconduct to sway the issuing judge." Petroni, 123 So. 3d at 65. Put simply, the First DCA focused on the "gap" in Petroni's submission and, consistent with the requirements

---

[10]  A "substantial preliminary showing" along these lines entitles the defendant to an evidentiary hearing.  To obtain relief, the defendant must establish deliberate or reckless conduct by a preponderance of the evidence and, that with the false statements excluded and the omitted ones included, the affidavit's content is insufficient to establish probable cause.  Franks, 438 U.S. at 155-56.

of Franks, concluded that a hearing and relief were unwarranted.[11]   The First DCA's

decision in this regard is in accord with several decisions of the Eleventh Circuit applying

the Franks standard.   See United States v. Barsoum, 763 F.3d 1321, 1329 (11th Cir.

2014) ("We need not address the statements Special Agent Zdrojewski allegedly omitted

from the affidavit.  The heart of Barsoum's argument is that a Franks hearing would have

allowed him to show that the information was deliberately omitted.   This argument

misunderstands the Franks standard.   Franks requires that a defendant make a

substantial preliminary showing that statements or omissions are intentionally false or

recklessly misleading, and that those statements or omissions altered the probable cause

showing."); United States v. Gray, 544 Fed. Appx. 870, 882 (11th Cir. 2013) (per curiam)

(motion to suppress denied without hearing; defendant "failed to proffer evidence showing

FBI Agent Lofton knew the information was false or misleading."); United States v.

Flowers, 531 Fed. Appx. 975, 981 (11th Cir. 2013) (per curiam) ("Flowers failed to make

a substantial preliminary showing that Detective Caris, the affiant, intentionally or

recklessly omitted any of these facts from the search warrant affidavit.  Flowers argued

only that the alleged omitted facts were known to the police at the time the affidavit was

sworn to, and that their absence implied that their omission was either intentional or

reckless.  Franks requires the defendant to offer proof that the affiant had the requisite

intent.  Flowers, however, provided no evidence that established that Detective Caris

either intentionally or recklessly omitted these facts."); United States v. Arbolaez, 450 F.

_____

[11] Significantly, Petroni's filings in this Court underscore the "gap" in his submission. Petroni claims that "the state court prohibited [him] from presenting crucial evidence at his evidentiary hearing" (Supporting Memorandum at 6) but does not identify this "crucial" evidence.  In the same vein, he claims the trial court "fail[ed] to take into account crucial evidence" but, again, does not identify it.  (Supporting Memorandum at 8).

3d at 1294 (motion to suppress denied; defendant was not entitled to hearing because "[t]here is no affidavit or otherwise sworn statement alleging that [Agent] Crispin knowingly or recklessly included false statements in the search warrant affidavit.").

In consideration of the foregoing, even if review of Petroni's claim was not barred by <u>Stone</u>, applying AEDPA deference, his request for relief would be denied. As such, the Petition for Writ of Habeas Corpus filed on Petroni's behalf will be denied.

## V.     Certificate of Appealability

This Court should grant an application for certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>see also</u> <u>Lamarca v. Sec'y Dep't of Corr.</u>, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u>; <u>Lamarca</u>, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 337 (2003). Petitioner has not demonstrated that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right.

Thus, this Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and this case is

**DISMISSED WITH PREJUDICE**.    The Clerk of the Court shall enter judgment

accordingly.

2.      Petitioner is **DENIED** a Certificate of Appealability.

3.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Jacksonville, Florida, this 28th day of September,
2017.

**MARCIA MORALES HOWARD**
United States District Judge

Copies to:
Paul Petroni
Counsel of Record